UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GEORGE VANCE THOMPSON, III ,

    Petitioner,

v.                                                  Case No.:  2:18-cv-608-FtM-38NPM

UNITED STATES OF AMERICA,

    Respondent.
                                     /

## **OPINION AND ORDER**[1]

Pending before the Court is Petitioner George Vance Thompson III's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. 1, "Motion") filed on September 10, 2018.  Petitioner requests the Court to vacate his enhanced sentence for Count Three of his plea-based conviction, Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i), claiming the "in furtherance" language contained in § 924(c)(1) is unconstitutional.  The United States filed a Response in Opposition seeking dismissal of the Motion as untimely (Doc. 7), to which Thompson filed a Reply (Doc. 10).

While his Motion was pending, the Supreme Court decided *United States v. Davis*, in which it held that § 924(c)(3)'s residual clause is unconstitutionally vague.  ___ U.S.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

\_\_\_, \_\_\_ 139 S. Ct. 2319, 2323, 2336, \_\_\_ L.Ed.2d \_\_\_ (2019). The Eleventh Circuit in a published order held that *Davis* announced "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2255(h)(2). *In re Hammoud*, \_\_\_F.3d \_\_\_, No. 19-12458, 2019 WL 3296800, slip op. at 4-8 (11th Cir. July 23, 2019).

Accordingly, it is now

**ORDERED:**

1. **Petitioner** shall file either a supplement to his pending Motion or file a free-standing amended § 2255 motion **within thirty (30) days** of the date of this Order.

2. **Respondent s**hall file a response to the supplement or amended § 2255 motion **within thirty (30) days thereafter**.

**DONE** and **ORDERED** in Fort Myers, Florida this 18th day of August, 2019.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record