UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GEORGE VANCE THOMPSON, III ,

    Petitioner,

v.

Case No: 2:18-cv-608-FtM-38CM

UNITED STATES OF AMERICA,

    Respondent.
_____/

## OPINION AND ORDER[1]

Before the Court is Petitioner George Vance Thompson III's Amended Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. (Doc. 16).[2] The United States filed a Response in Opposition (Doc. 19). The Court denies the motion.

## BACKGROUND

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] References to filings in the civil case are cited as "Doc. [docket number]." References to filings in the criminal case are cited as "Cr. Doc. [docket number]."

On April 26, 2017, Thompson pleaded guilty to Count Two and Count Three of a three-count indictment. Count Two charged Thompson with Possession with Intent to distribute cocaine and marihuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Count Three charged him with Possession of a Firearm in Furtherance of a Drug Trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Cr–Doc.35) (Cr–Doc.41). Thompson's plea agreement contained a valid sentence appeal waiver which he knowingly and voluntarily entered into. (Cr-Doc. 41 at 17).

In his plea agreement, Thompson stipulated to certain facts pertaining to his § 924(c) conviction:

> On September 15, 2016, the Lee County Sheriff's Office and the ATF executed a Florida state search warrant at 200 E. Jersey Road, Lehigh Acres, Florida. During the execution of the warrant, it became apparent to investigators that George Thompson lived in and exercised control over the residence. During the search, investigators seized multiple firearms, ammunition and illegal narcotics from inside the residence.
> …
> Defendant Thompson knowingly possessed the marijuana and cocaine with the intent to distribute it and he knowingly possessed the firearms in furtherance of his distribution of the marijuana and cocaine. Both the marijuana and the LWRC International, model M6, 5.56mm rifle were kept by defendant Thompson under the dresser in his bedroom where they were seized by law enforcement.

(Cr. Doc. 41 at 20-21).

On July 31, 2017, the Court sentenced Thompson to 60 months imprisonment on Count Three and 6 months imprisonment on Count Two, followed by 5 years supervised release for Count Three and 3 years for Count

Two to be served concurrently. (Cr. Doc. 59). Petitioner did not file a direct appeal. The judgment ordered that Thompson serve the total 66-month sentence consecutively to the anticipated term of imprisonment to be imposed in Lee County Circuit Court case number 14CF17438. (Cr. Doc. 59).

Thompson was in federal custody from January 13, 2017 to July 31, 2017; this time was applied to his state sentence in Lee County. His federal sentence began on September 29, 2017, the date he was released from the state sentence. (Doc. 19-1).

Thompson filed his original petition on September 10, 2018. (Doc. 1). The Court then ordered Thompson to file an amended motion under 28 U.S.C. § 2255. (Doc. 12). On November 6, 2019, the Government filed its response. (Doc. 19). On May 19, 2020, the Court denied as moot Thompson's original motion and made the amended motion the operative pleading. (Doc. 20).

In his petition, Thompson asserts two grounds for relief. First, he asserts "[t]he government's breach of a promise involuntarily deprived [him] of his right to direct appeal." (Doc. 16 at 4). He alleges the United States reneged on its promise to credit him for prior custody time. Second, he claims "[his] § 924(c) conviction violates due process of law." (Doc. 16 at 6). He points to two recent United States Supreme Court cases (*Shular v. United States* and *United States v. Davis*) he apparently believes create new constitutional rights that render his conviction unlawful.

This matter is ripe for the Court's review based on the record before the Court. The Court finds an evidentiary hearing is not warranted because the "files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

## DISCUSSION

Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA") in 1996, which established a one-year limitation period for filing a motion under 28 U.S.C. § 2255. AEDPA amended § 2255 to provide:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, the Court entered judgment in Thompson's case on July 31, 2017. (Cr. Doc. 59). When a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires. *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). Thompson had 14 days from the judgment to file an appeal. *See* Fed. R. App. P. 4(b)(1)(A). He did not file an appeal. Thus, his judgment of conviction became final on August 14, 2017. He had until August 14, 2018, to file a § 2555 motion. But he did not file his original petition until September 6, 2018 (*See* Doc. 6 at 1 n.2), more than one year after his conviction became final. Thompson's motion is untimely and must be dismissed. *See Dodd v. United States*, 545 U.S. 343, 358-59 (2005) (affirming Eleventh Circuit's decision holding that untimely 2255 motion was barred).

To circumvent the time bar on Ground One, Thompson tries to argue his exhaustion of administrative remedies only occurred with the Florida state court's August 26, 2019 order. (Doc. 16 at 5). This argument lacks merit for two reasons. First, Thompson provides no evidence he exhausted his administrative remedies with the BOP, which he must do before he can seek relief. And, second, the August 26, 2019, order was a state court order denying a motion to reduce and/or modify sentence filed by Thompson. (*See* Doc. 19-3). It does not pertain to this motion and does not excuse his dilatory pursuit of a

potential § 2255 claim. It has no relevance to his argument he failed to receive credit for time served.

To overcome his lack of timeliness on Ground Two, Thompson relies on the Supreme Court's 2019 decision declaring 18 U.S.C. § 924(c)(3)(B) unconstitutionally vague. *See United States v. Davis,* 139 S. Ct. 2319 (2019). Though Thompson does not say why Ground Two is timely, it seems he contends a new constitutional right was created that impacts his conviction. However, Thompson was not convicted under the now-unconstitutional portion of the statute.[3] He was convicted under § 924(c)(2)'s drug trafficking crime clause. *Davis* is inapplicable.

Likewise, Thompson appears to speculate the Supreme Court's decision in *Shular v. United States*, 140 S.Ct. 779 (2020) vacates his conviction.[4] In *Shular*, the Supreme Court considered the proper interpretation of 18 U.S.C. § 924(e)(2)(A)(ii), a provision part of the Armed Career Criminal Act (ACCA). The ACCA subjects felons in possession of a firearm to a mandatory 15-year term of imprisonment if they have three or more prior convictions for violent felonies or serious drug offenses. Section 924(e)(2)(A)(ii) defines a serious drug offense as a state offense "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance." The justices

---

[3] In fact, Thompson acknowledges this in his brief.
[4] Thompson's amended petition and the government's response were filed before the Supreme Court's ruling in *Shular*.

held unanimously that a "serious drug offense" means a state offense that "involves" the conduct specified in Section 924(e)(2)(A)(ii). That said, this ruling does not affect Thompson's conviction. Thompson was convicted of a <u>federal</u> drug offense, not a state drug offense. And he was not sentenced under Section 924(e)(2)(A)(ii). Ground Two is thus untimely.

Even if Thompson's claims were not time-barred, his motion would still fail. Section 2255 authorizes an attack on a sentence on four grounds: (1) it was imposed in violation of the Constitution or laws of the United States; (2) it was imposed without jurisdiction; (3) it exceeds the maximum authorized by law; or (4) it is otherwise subject to collateral attack. 28 U.S.C. § 2255. Here, none of the grounds apply. Thompson agreed to a plea agreement barring a collateral attack on the sentence. He does not raise an argument that the sentence was imposed without jurisdiction or that it exceeds the maximum authorized by law. He contends his constitutional rights were violated but offers no evidence of a violation. Contrary to his assertion, Thompson did receive credit for his previous time in custody. And the Supreme Court has not created a new constitutional right rendering his sentence unlawful because *Davis* and *Shular* are inapposite.

In sum, Thompson's sentence is legal. He pleaded guilty to crimes and his continued imprisonment presents no constitutional violation. His motion is denied.

Accordingly,

**IT IS NOW ORDERED**:

The amended motion under Section 2255 to vacate the sentence (Doc. 16) is **DENIED**. The clerk is **DIRECTED** to enter a judgment against Thompson, close this case, and enter a copy of this order in the criminal action.

## CERTIFICATE OF APPEALABILITY

Thompson is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Thompson must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 29 U.S.C. 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Because to fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Thompson is entitled to neither a certificate of appealability nor an appeal in forma pauperis.

Accordingly, a certificate of appealability is DENIED. Leave to appeal in forma pauperis is **DENIED**. Thompson must obtain permission from the circuit court to appeal in forma pauperis.

**DONE** and **ORDERED** in Fort Myers, Florida, on February 1, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record